UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISRAEL CHABRIEL,

    Plaintiff,

v.                                             Case No:   6:13-cv-1711-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

    Plaintiff Israel Chabriel brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.   Plaintiff argues that the administrative law judge ("ALJ") erred by: (1) improperly relying on the Medical-Vocational Guidelines in finding him not disabled; (2) failing to properly consider the medical opinion evidence; (3) failing to include limitations relating to the use of Plaintiff's hands and feet in his residual functional capacity ("RFC") assessment; and (4) failing to account for the side effects of Plaintiff's medications in his RFC assessment.   (Doc. 15).   Plaintiff also complains that the Appeals Council failed to properly consider new evidence he submitted following issuance of the ALJ's decision. (Id.).   Based upon a review of the administrative record and the pleadings and memoranda submitted by the parties, and for the reasons that follow, I respectfully recommend that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings consistent with the findings in this report, pursuant to sentence four of

42 U.S.C. § 405(g).

## I. Background

On October 20, 2010, Plaintiff protectively filed applications for SSI and DIB, alleging disability beginning April 8, 2008. (Tr. 12). His applications were denied initially and on reconsideration, and he requested a hearing which was held on April 25, 2012. (Tr. 30-59, 68-71). On June 11, 2012, the ALJ issued his decision denying Plaintiff's applications for benefits. (Tr. 11-23). Plaintiff requested review by the Appeals Council, which was denied by order dated September 13, 2013. (Tr. 1-6). Plaintiff, who was 34 on his alleged onset date, has a high school education and past relevant work as an electrician's helper, cleaner, debt collector, salesman, and security officer. (Tr. 21, 185, 190). The ALJ employed the five step sequential evaluation process which appears at 20 C.F.R. § 404.1520 to evaluate Plaintiff's claim.[1]

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ concluded that Plaintiff was severely impaired by degenerative disc disease, carpal tunnel syndrome, obesity, schizoaffective disorder, mood disorder, bipolar disorder, and polysubstance dependence. (Tr. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. (Tr. 14-15).

---

[1] The five steps are summarized as follows:
1. Is the claimant performing substantial gainful activity?
2. Does the claimant have a severe impairment?
3. Does the claimant have a severe impairment that meets or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1?
4. Can the claimant perform past relevant work?
5. Based on the claimant's age, education, and work experience, can the claimant perform other work of the sort found in the national economy?

Next, the ALJ found that Plaintiff had the RFC to perform light work subject to the following limitations: he could only occasionally stoop and climb ladders, ropes, or scaffolds; he could frequently reach overhead, balance, kneel, crouch, crawl, and climb ramps or stairs; he must avoid concentrated exposure to hazardous machinery or heights; he could only perform "simple, routine, repetitive tasks ... in a work environment free of fast paced production requirements involving only simple work-related decisions and routine work place changes"; and he "will have some difficulty accept [sic] feedback from supervisors and working with co-workers."  (Tr. 15-21).

Based upon Plaintiff's RFC, the ALJ decided at step four that Plaintiff could not perform his past relevant work.  (Tr. 21).  However, at step five, the ALJ determined that Plaintiff could perform other work available in significant numbers in the national economy.  (Tr. 22).  The ALJ did not rely on the testimony of a vocational expert to make this determination.  Instead, the ALJ utilized Medical-Vocational Rule 202.21, which provides that a "younger individual" with at least a high school education and no transferrable work skills who is able to perform a full range of light work will be found "not disabled."  20 C.F.R. part 404, subpart P, appendix 2, Rule 202.21.  Even though the ALJ had concluded that Plaintiff was incapable of performing the full range of light work, the ALJ reasoned that Plaintiff's nonexertional limitations "[had] little or no effect on the occupational base of unskilled light work."  (Tr. 22).  Based on these findings, the ALJ found that Plaintiff was not disabled.  (Tr. 23).

## II. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.  Crawford v. Commissioner, 363 F.3d 1155, 1158 (11th Cir. 2004).  The

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Commissioner, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact, but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applied the law or failed to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1992). When it reviews the Commissioner's final decision, the Court is authorized to "enter ... a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

III. Discussion

Once Plaintiff established at step four of the evaluation process that his impairments prevented him from performing his past relevant work, the burden shifted to the Commissioner to show that Plaintiff was able to perform other work that exists in significant numbers in the national economy. Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981). To satisfy this burden, the ALJ was required to develop a full record concerning the vocational opportunities available to Plaintiff. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).

One way in which the Commissioner can meet her burden is through use of the Medical-Vocational Guidelines, colloquially known as the "grids," 20 C.F.R. part 404, subpart P, appendix 2. The grids were established in 1978 as a means of improving the uniformity and efficiency of findings at step five of the five-step sequential evaluation process. At step five, the ALJ must decide whether a claimant is capable of making an adjustment to work existing in significant numbers in the national economy. Heckler v. Campbell, 461 U.S. 458, 461 (1983); 20 C.F.R. §§ 404.1520(a)(5), (g), 404.1566(a), 416.920(a)(5), (g), 416.966(a). The grids "consist of a matrix of the four factors identified by Congress" as relevant to a determination of disability–"physical ability, age, education, and work experience–and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." Campbell, 461 U.S. at 461-62.

As used in the grids, the term "exertional limitations" means limitations and restrictions imposed by a claimant's impairments and related symptoms which only affect the claimant's ability to meet strength demands including the ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. §§ 404.1569a(b). "Nonexertional limitations" are

limitations and restrictions which only affect a claimant's ability to meet the demands, other than the strength demands, of jobs.   20 C.F.R. §§ 404.1569a(c).

The Eleventh Circuit has interpreted a "full range of work" as being able to do "unlimited" types of work at the given exertional level.   Phillips v Barnhart, 357 F.3d 1232, 1242 (11th Cir. 2004).   When a claimant is capable of performing a full range of work at a particular exertional level and has no nonexertional impairments, the grids will direct a finding of disabled or not disabled.   20 C.F.R. §§ 404.1569a(b), 416.969a(b).

When a claimant has exertional or nonexertional limitations that prevent the claimant from performing a full range of work at any exertional level, the grids may direct a finding of disabled.   Grids Rule 200.00(e)(2).   When a grid rule indicates that a person would be found "not disabled" but for his additional exertional or nonexertional limitations, the grids do not direct a finding of "not disabled" but instead "provide a framework to guide" the ALJ's decision.   20 C.F.R. §§ 404.1569a(d), 416.969a(d).

Read literally, the regulations preclude reliance solely on the grids to support a finding of non-disability when a claimant does not exactly match the grid criteria–i.e., when a claimant is incapable of performing an unlimited (except by considerations relating to age, education, and vocational history) range of work at any exertional level. But, the Eleventh Circuit has held that an ALJ may rely exclusively on the grids so long as (1) the claimant is capable of a "full range of work" at a particular exertional level and (2) the claimant's nonexertional limitations do not "significantly limit" his ability to perform "basic work skills."   Phillips, 357 F.3d at 1242.

The first requirement established by the Eleventh Circuit is met when the claimant does not have any exertional limitations that prevent him from performing all of the work that exists at a given exertional level.   Id. at 1242-43.   The second requirement is

satisfied if the claimant's nonexertional limitations do not preclude "a wide range" of work at the given exertional level.  Id. at 1243.   When the grids themselves do not direct a finding of not disabled, the ALJ must expressly find that the claimant's "nonexertional limitations do not significantly limit [his] basic work skills" at the given level in order to use the grids to find a claimant not disabled without hearing relevant testimony from a vocational expert.  Id.   The ALJ made this finding when he wrote that "the additional limitations have little or no effect on the occupational base of unskilled light work." (Doc. 16, p. 17; see Tr. 22).

However, it is not enough for the ALJ to say that the claimant's nonexertional limitations are not significant.   That finding must be supported by substantial evidence. Here, the ALJ noted that "'unskilled work' ... is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," and that someone of Plaintiff's age, educational, and vocational profile, with the ability to perform a full range of unskilled light work would be found not disabled.   (Tr. 22 (citing 20 C.F.R. § 404.1568(a), 416.968(a))).   The ALJ also took administrative notice of the fact that the Dictionary of Occupational Titles ("DOT") identifies "approximately 200 [unskilled] sedentary occupations and approximately 1,600 [unskilled] sedentary and light occupations."   (Tr. 22).

These reasons are not substantial evidence that Plaintiff's nonexertional limitations do not preclude him from performing "a wide range" of unskilled light work.   The Commissioner points to the Eleventh Circuit's holding in the unpublished case of Vuxta v. Commissioner, 194 Fed. Appx. 878 (11th Cir. 2006), that "a limitation to simple tasks is already contained within the unskilled limitation, and is not a limitation above and beyond

that classification."[2]  Id. at 878.   But, the ALJ's reference to the definition of unskilled work does not show that Plaintiff's other non-exertional limitations are not significant. Take for example, restrictions to "routine" and "repetitive" tasks, which the ALJ included in Plaintiff's RFC assessment.   It may be true that most unskilled work involves only "routine" and "repetitive" tasks, but the ALJ did not furnish any reason for believing this is actually the case.   It is easy to identify unskilled jobs, including the jobs of news assistant, sales clerk, and playroom attendant, which involve a variety of tasks.[3]

It is not surprising then, that at least two other courts in this district have rejected similar arguments that limitations to "routine" and "repetitive" tasks are insignificant within the universe of unskilled work.   Welcz v. Commissioner, No. 6:12-cv-106-Orl-22GJK, 2012 WL 7006308, at *13 (M.D. Fla. Dec. 17, 2012) (limitation to routine tasks not included in definition of unskilled work); Coffin v. Commissioner, No. 6:06-cv-2061-OrlDAB, 2011 WL 806674, at *8 (M.D. Fla. Mar. 2, 2011) (limitation to routine and repetitive tasks not included in the definition of unskilled work).   That the definition of unskilled work is not evidence, let alone substantial evidence, that all but an insignificant number of unskilled jobs require only routine and repetitive tasks, is reason enough to reject the ALJ's reliance on the grids.

This is not the only reason this case should be reversed and remanded.   Plaintiff's RFC contains a number of other nonexertional restrictions–including limitations on his postural activities, restrictions against exposure to hazards, "fast paced production requirements," and "some difficulty accept[ing] feedback from supervisors and working

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.
[3] See, e.g., DOT §§ 209.367-038 (news assistant); 290.477-014 (sales clerk); 359.677-026 (playroom attendant).

- 8 -

with co-workers," (Tr. 15)–none of which the Commissioner addresses in her brief. It is difficult to believe these nonexertional limitations, considered alone or in combination, do not affect Plaintiff's ability to perform a "wide range" of light and sedentary unskilled jobs. At the very least, the ALJ should have, but failed, to provide evidence in support of his contrary view.

The ALJ's reference to the number of unskilled light and sedentary occupations listed in the DOT, "each representing numerous jobs in the national economy," adds nothing to his opinion because it says nothing about which or how many of those occupations Plaintiff can perform despite his additional nonexertional limitations. And, assuming that each occupation listed in the DOT "represent[ed] numerous jobs in the national economy" in 1978, see Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *3 (Jan. 1, 1983), it is debatable whether that is still the case. Cf. Banushi v. Barnhart, Civ. No. 06-10042-RWZ, 2007 WL 1858658, at *4 (D. Mass. June 26, 2007) ("The court ... suspects that if the SSA had to show that there actually existed jobs that plaintiff was capable of performing in sufficient numbers in the national economy, rather than relying on administrative notice that there exists an abundant need for nut sorters, bulb silverers, getterers and the like, plaintiff would be found disabled....").

In short, the ALJ failed to provide a substantial evidentiary basis for his assertion that Plaintiff's nonexertional limitations have little or no effect on the occupational base of unskilled light work. Because that finding is not grounded in substantial evidence, neither is the ALJ's conclusion, based solely on that finding and the grids, that a significant number of jobs exist for someone of Plaintiff's age, RFC, and educational and vocational background. Consequently, I find that remand is required for the ALJ to conduct a proper step-five analysis, which will almost certainly require obtaining

testimony from a vocational expert.   Because I conclude that remand is warranted on this basis, I do not address Plaintiff's remaining assignments of error.

### IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Commissioner's final decision be **REVERSED and REMANDED** for further proceedings consistent with the findings in this report.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

3. Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

4. Plaintiff be directed that upon receipt of such notice, he shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on October 28, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

- 10 -