UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ISRAEL CHABRIEL,

    Plaintiff,

v.                                        Case No:   6:13-cv-1711-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Richard A. Culbertson's Unopposed Supplemental Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. 406(b) (Doc 29).   Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

After a court-ordered remand in this Social Security disability case, the Commissioner of Social Security found Plaintiff Israel Chabriel disabled and awarded her $72,502 in past-due disability insurance benefits (Doc. 29-2).   The Commissioner also awarded Plaintiff's auxiliary beneficiary $37,904 in past-due benefits (Id.).   The Commissioner withheld $27,188.25, which it represented to be 25% of the total award,[1] for the payment of attorney's fees (Id.).   Plaintiff's counsel, Mr. Culbertson, requests that the Court approve an award of $9,062.75, which is 25% of the past-due benefits award minus the $3,683.97 in attorney's fees previously awarded by the Court pursuant to the

---

[1] Twenty-five percent of the past due benefits ($110,406) is actually $27,601.50.

Equal Access to Justice Act ("EAJA") (Docs. 25, 26), and $14,441.53 in attorney's fees previously awarded to Plaintiff and paid to Mr. Culbertson pursuant to § 406(b).[2]

Mr. Culbertson represents that Defendant's attorney has been contacted and has no objection to the requested relief (Doc. 29, p. 2).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client on remand from federal court may petition the court for a reasonable fee, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress … sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In determining a reasonable fee award under § 406(b)(1)(A), the Court should first look at the parties' fee agreement. Id. at 808. The Court may also consider the character of the representation, the results achieved, "[i]f the attorney is responsible for delay," or "[i]f the benefits are large in comparison to the amount of time spent on the case." Id.

Plaintiff entered into a contingent fee agreement with Mr. Culbertson that provides for him to receive "a fee of 25 percent of the total of the past-due benefits to which the claimant [and any auxiliary beneficiary(ies) is entitled" if the Court "renders a judgment

---

[2] On December 11, 2015, Plaintiff was awarded attorney's fees in the amount of $14,441.53 under 42 U.S.C. § 406(b) (Doc. 28). The current motion seeks fees based on a February 3, 2016 letter from the Social Security Administration calculating past-due benefits for Plaintiff's auxiliary beneficiary (Doc. 29-2). Twenty-Five percent of the total past-due benefits awarded ($27,601.50) minus previously awarded fees under the EAJA ($3,683.97), and fees previously awarded under § 406(b) ($14,441.55), equals $9,475.98. Mr. Culbertson seeks an award of $9,062.75.

- 2 -

reversing or remanding the administrative decision denying benefits and claimant is ultimately awarded past due benefits." (Doc. 29-1). The agreement also provides that any award of attorney's fees under the EAJA "that are paid by the government and retained by Richard A. Culbertson will be applied to reduce the amount of attorneys fees that would otherwise be due from claimant's past-due benefits." (Id.). In light of the motion being unopposed, the fee agreement, and the ultimate award of past due benefits, and considering § 406(b)(1) fees approved pursuant to contingent fee arrangements in other Social Security cases, see e.g., Bibber v. Comm'r of Soc. Sec., No. 6:12-cv-1337-Orl-37DAB, 2015 WL 476190, at *6 (M.D. Fla. Feb. 5, 2015) ($24,386); Hatchett v. Comm'r of Soc. Sec., No. 6:11-CV-1810-ORL-18TBS, 2014 WL 293464, at *2 (M.D. Fla. Jan. 27, 2014) ($23,180.55), I find Mr. Culbertson's fee request reasonable. See Bookman v. Comm'r of Soc. Sec., 490 F. App'x 314, 316 (11th Cir. 2012) ("[T]he aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of the claimant's past due benefits."); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1273 (11th Cir. 2010) (endorsing offset procedure as an alternative to overpaying attorney and requiring attorney to remit EAJA award to client).

Accordingly, after due consideration, I respectfully recommend that the Court **grant** the motion and approve an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $9,062.75, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 25, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record